UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MORGAN SMITH, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR VIOLATIONS** |
| | ) | **OF THE FEDERAL SECURITIES** |
| ZYNERBA PHARMACEUTICALS, INC., | ) | **LAWS** |
| ARMANDO ANIDO, WARREN D. COOPER, | ) | |
| JOHN P. BUTLER, WILLIAM J. FEDERICI, | ) | JURY TRIAL DEMANDED |
| DANIEL L. KISNER, KENNETH I. MOCH, | ) | |
| and PAMELA STEPHENSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Morgan Smith ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action against Zynerba Pharmaceuticals, Inc. ("Zynerba" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Harmony Biosciences Holdings, Inc. (Harmony).[1]

2.    On August 14, 2023, Zynerba entered into an Agreement and Plan of Merger

---

[1] This proposed acquisition of the Company described will be referred to herein as the "Proposed Transaction."

("Merger Agreement") with Harmony and Xylophone Acquisition Corp. ("Purchaser"). The Merger Agreement provides that Harmony will acquire Zynerba in exchange for $1.1059 in cash and one contingent value right ("CVR"), which represents the contractual right to receive contingent payments of up to approximately $2.5444 in additional cash upon the achievement of certain clinical, regulatory and sales milestones for Zynerba's lead asset, Zygel, per share of Zynerba common stock,, per share of Zynerba common stock, via a tender offer (the "Tender Offer").[2]

3. The Company's corporate directors subsequently authorized the August 28, 2023, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants'

---

[2] Purchaser commenced the Tender Offer on August 28, 2023.

[3] The Tender Offer is currently scheduled to expire at 5:00 p.m. Eastern time on September 26, 2023.

violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, the owner of shares of Zynerba common stock.

10.      Defendant Zynerba is a Delaware corporation with its principal executive offices located at 80 W. Lancaster Avenue, Suite 300, Devon, Pennsylvania 19333.  Zynerba's shares trade on the Nasdaq Capital Market under the ticker symbol "ZYNE."  Zynerba is a clinical stage specialty pharmaceutical company focused on developing pharmaceutically produced transdermal cannabinoid therapies for rare and near-rare neuropsychiatric disorders.  The Company's lead asset is Zygel, a pharmaceutically produced cannabidiol formulated as a permeation-enhanced gel for transdermal delivery.  Zygel is currently being evaluated in a pivotal Phase 3 clinical trial for patients living with Fragile X syndrome ("FXS"), a rare genetic disorder that affects approximately 80,000 people in the U.S., causing intellectual disabilities and behavioral challenges.  Cannabidiol,

the active ingredient in Zygel, has been granted orphan drug designation by the U.S. Food and Drug Administration ("FDA") and the European Medicines Agency for the treatment of FXS and for the treatment of chromosome 22q11.2 deletion syndrome ("22q"). Additionally, Zygel has received FDA Fast Track designation for the treatment of behavioral symptoms in patients with FXS.

11.     Defendant Armando Anido is and has been Chairman of the Board, Chief Executive Officer, and a director of the Company at all times relevant hereto.

12.     Defendant Warren D. Cooper is and has been the Lead Independent Director of the Company at all times relevant hereto.

13.     Defendant John P. Butler is and has been a director of the Company at all times relevant hereto.

14.     Defendant William J. Federici is and has been a director of the Company at all times relevant hereto.

15.     Defendant Daniel L. Kisner is and has been a director of the Company at all times relevant hereto.

16.     Defendant Kenneth I. Moch is and has been a director of the Company at all times relevant hereto.

17.     Defendant Pamela Stephenson is and has been a director of the Company at all times relevant hereto.

18.     Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19.     On August 14, 2023, Harmony and Zynerba jointly announced in relevant part:

PLYMOUTH MEETING, Pa. and DEVON, Pa., Aug. 14, 2023 /PRNewswire/ -- Harmony Biosciences Holdings, Inc. ("Harmony") (Nasdaq: <u>HRMY</u>), a pharmaceutical company dedicated to developing and commercializing innovative therapies for patients with rare neurological diseases, today announced a definitive agreement to acquire Zynerba Pharmaceuticals, Inc. ("Zynerba") (Nasdaq: <u>ZYNE</u>), a leader in innovative pharmaceutically-produced transdermal cannabinoid therapies for orphan neuropsychiatric disorders, including Fragile X syndrome (FXS).

Under the terms of the definitive agreement, Harmony will commence a tender offer to acquire all outstanding shares of Zynerba for a purchase price of $1.1059 per share in cash, or $60 million in the aggregate, plus one non-tradeable contingent value right (CVR) per share, representing the right to receive potential additional payments of up to $140 million in the aggregate, subject to the achievement of certain clinical, regulatory and sales milestones, as described in more detail below.

"This is an important step in Harmony's strategy to build a diversified portfolio of innovative assets to address unmet medical needs and drive our long-term growth. This acquisition affords us the opportunity to advance the development and delivery of a potentially transformative treatment for the symptoms of Fragile X syndrome and other rare neuropsychiatric disorders," said Jeffrey M. Dayno, M.D., President and Chief Executive Officer at Harmony Biosciences. "In addition to the strength of our core business in narcolepsy and our current life cycle management programs, led by idiopathic hypersomnia, we are excited to continue to diversify our portfolio beyond sleep/wake by adding Zynerba's clinical development programs to our pipeline. The team at Zynerba has been dedicated to these programs and we are confident that our combined efforts could have a profound impact on individuals living with rare neuropsychiatric disorders and their families."

"Harmony's development and commercial expertise, technologies, people and focus on rare neurological diseases are an excellent strategic fit with Zynerba," said Armando Anido, Chairman and Chief Executive Officer of Zynerba. "I am very proud of Zynerba's accomplishments with Zygel™ to date. With Harmony's scale, resources and proven commercial excellence, they are well positioned to potentially bring to market the first pharmaceutical product indicated for the treatment of behavioral symptoms of Fragile X syndrome and to maximize the value of Zygel."

Zynerba's lead asset, Zygel, is the first and only pharmaceutically manufactured, synthetic cannabidiol, a non-euphoric cannabinoid, formulated as a patent-protected permeation-enhanced gel for transdermal delivery through the skin and

into the circulatory system. Zygel is manufactured through a synthetic process in a cGMP facility and is not extracted from the cannabis plant. Therefore, it is devoid of THC, which is what causes the euphoric effect of cannabis, and has the potential to be a nonscheduled product if approved. Zygel is currently being evaluated in a pivotal Phase 3 clinical trial for patients living with FXS, known as the RECONNECT Trial. Additionally, Zygel showed positive signals in an open label Phase 2 trial in patients living with 22q11.2 deletion syndrome (22q), called the INSPIRE Trial.

Cannabidiol, the active ingredient in Zygel, has been granted orphan drug designation by the United States Food and Drug Administration (FDA) and the European Medicines Agency (EMA) for the treatment of FXS and for the treatment of 22q. Additionally, Zygel has received FDA Fast Track designation for the treatment of behavioral symptoms in patients with FXS.

FXS is a rare genetic disorder that affects approximately 80,000 people in the U.S., causing intellectual disabilities and behavioral challenges. Despite considerable progress in medical science, there remains a significant unmet medical need in treating patients living with this debilitating disorder. There are currently no FDA approved therapies to treat FXS.

It is estimated that there are approximately 80,000 people living with 22q in the U.S. Patients with 22q are affected by symptoms related to many organ systems including neuropsychiatric symptoms such as anxiety and behavioral difficulties. There are currently no FDA-approved therapies to treat 22q.

**Transaction Details**

Under the terms of the definitive agreement, which was unanimously approved by the boards of directors of Harmony and Zynerba, Harmony will commence a tender offer to acquire all outstanding shares of Zynerba for a purchase price of $1.1059 in cash per share, or $60 million in the aggregate payable at closing of the transaction plus one non-tradeable CVR representing the right to receive potential additional payments of up to $140 million or approximately $2.5444 in additional cash per share, for a total potential consideration of up to $200 million in cash. The CVR is payable subject to certain terms and conditions upon achievement of the following milestones:

*Clinical Milestones*

- Completion of FXS Phase 3 clinical trial: $15 million in the aggregate or approximately $0.2747 per share
- Positive data readout from FXS Phase 3 clinical trial:

   $30 million in the aggregate or approximately $0.5494 per share if completed on or before December 31, 2024

$20 million in the aggregate or approximately $0.3663 per share if completed on or before June 30, 2025

$10 million in the aggregate or approximately $0.1831 per share if completed after June 30, 2025

*Regulatory Milestones*

- FDA approval in FXS: $35 million in the aggregate or approximately $0.6389 per share
- FDA approval in Second Indication: $15 million in the aggregate or approximately $0.2707 per share

*Net Sales Milestones*

- Achievement of $250 million in aggregate Net Sales: $15 million in the aggregate or approximately $0.2702 per share
- Achievement of $500 million in aggregate Net Sales: $30 million in the aggregate or approximately $0.5405 per share

Each CVR is subject to the achievement of the milestone conditions described above, and there can be no assurance whether any such milestones will be achieved or when any payments will be made with respect to any CVR.

Harmony will fund the transaction from its existing cash on hand. As of June 30, 2023, Harmony had cash, cash equivalents and investment securities of $429.6 million. Zynerba's existing cash and cash equivalent balance was approximately $36.0 million as of June 30, 2023.

The transaction is expected to close by the fourth quarter of 2023, subject to customary closing conditions, including that the holders of at least a majority of the outstanding shares of Zynerba's common stock tender such shares to Harmony in connection with the tender offer. Following the successful closing of the tender offer, Harmony will acquire any shares of Zynerba it does not already own through a second-step merger at the same per share offer price as paid in the tender offer. Zynerba's board of directors unanimously recommends that Zynerba's stockholders tender their shares in the tender offer.

**Advisors**

For Harmony, Hogan Lovells US LLP is acting as legal counsel. For Zynerba, MTS Health Partners, L.P. is acting as financial advisor and Goodwin Procter LLP is acting as legal counsel.

## **The Materially Incomplete and Misleading Solicitation Statement**

20.     The Board caused to be filed the materially incomplete and misleading Solicitation

Statement with the SEC on August 28, 2023. The Solicitation Statement, which recommends that Zynerba stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, MTS Securities, LLC ("MTS"), a wholly-owned subsidiary of the Company's financial advisor, MTS Health Partners, L.P. ("MTS Health Partners"); and (c) potential conflicts of interest faced by MTS, MTS Health Partners, and Company insiders.

***Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts***

21.    The Solicitation Statement fails to disclose material information concerning the financial projections for the Company, including the line items underlying the Company's forecasted EBIT and Unlevered Free Cash Flow.

***Material Misrepresentations and/or Omissions Concerning MTS's Financial Analyses***

22.    The Solicitation Statement fails to disclose material information concerning MTS's financial analyses.

23.    With respect to the *Discounted Cash Flow Analysis* performed by MTS, the Solicitation Statement fails to disclose: (a) the Company's terminal values; (b) the Company's tax savings from usage of federal net operating losses and future losses; and (c) the Company's fully diluted outstanding shares.

24.    With respect to the *Public Trading Comparable Companies Analysis* and *Precedent Transactions Analysis* performed by MTS: (a) Zynerba management's estimated unadjusted peak sales used in the analyses; (b) Zynerba's net debt; and (c) the Company's fully diluted outstanding shares.

***Material Misrepresentations and/or Omissions Concerning MTS's, MTS Health Partners,' and Company Insiders' Potential Conflicts of Interest***

25.     The Solicitation Statement fails to disclose material information concerning potential conflicts of interest faced by MTS and MTS Health, including the details of any services MTS or MTS Health Partners provided to the Company or its affiliates in the prior two years, and any related compensation received by MTS or MTS Health Partners.

26.     The Solicitation Statement also fails to disclose material information concerning Company insiders' potential conflicts of interest, including whether any of Harmony's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

27.     The omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of Zynerba's Financial Advisor," and "Background of the Offer and the Merger" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.

28.     Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Zynerba will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

29.     Plaintiff repeats all previous allegations as if set forth in full.

30.     Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Zynerba stockholders to tender their shares in the Tender Offer.

31.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

32.     Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

33.     SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

34.     Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

35.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

36.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

37.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Zynerba, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.  Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

38.     Plaintiff repeats all previous allegations as if set forth in full.

39.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

40.     Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Zynerba stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.  Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the financial projections for the Company, MTS's financial analyses, and potential conflicts of interest faced by MTS, MTS Health Partners, and Company insiders.

41.     Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer.

42.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

### COUNT III

**Claims Against the Individual Defendants for Violations
of Section 20(a) of the Exchange Act**

43.     Plaintiff repeats all previous allegations as if set forth in full.

44.     The Individual Defendants acted as controlling persons of Zynerba within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Zynerba, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

45.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Solicitation Statement at issue contains the

unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

47.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

48.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Zynerba stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  August 30, 2023                          **LONG LAW, LLC**

                                        By:  */s/ Brian D. Long*
                                        Brian D. Long (#4347)
                                        3828 Kennett Pike, Suite 208
                                        Wilmington, DE 19807
                                        Telephone: (302) 729-9100
                                        Email: BDLong@LongLawDE.com

                                        *Attorneys for Plaintiff*